PAULA DE JESÚS SANTIAGO, Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent; STATE INSURANCE FUND, Insurer.

No. CI-64-7.    Decided June 2, 1964.

*Miguel Bauzá Rolón* and *Guillermo Bauzá* for petitioner. The State Insurance Fund did not appear in this proceeding.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: On appeal appellant challenges the decision of the Industrial Commission which granted her a disability consisting in the loss of five percent of her general normal physiological functions and ordered that she be compensated accordingly. She complains that the Commission should have granted her a higher percent of disability.

The record shows that appellant slipped and suffered a fall in the course of her work when she was three or four months pregnant. Originally, the Fund discharged her without any disability at all. The Industrial Commission stated in its decision the following:

"The injured party alleged that she slipped and fell during her work and as a result thereof she could not stand up straight and walk; she was confined to bed and when she tried to return to work she could not; that she was confined in the State Insurance Hospital for three months; that on said date she was pregnant and she had to undergo a Caesarean operation for childbirth; that as a result of said accident she limped and felt acute pain in the pubic bone and the hip; that it is only one month since she is feeling better.

"Dr. García Estrada reported that said injured party suffered a sprain in the left inguinal and abdominal region and after receiving extensive medical treatment she was discharged, cured and without disability; that she appealed to this Commission and after being examined by Dr. Karl Horn the decision of the Administrator was affirmed; that thereafter she alleged a relapse and was examined by Dr. Sheplan, who did not find any evidence of orthopedic traumatic pathology; that she appealed again to the Commission and it was confirmed that there was no disability. That on the basis of the specialists' reports it believes there is no disability in this case.

"Dr. Vázquez Milán informed that this is a rare case and quite complicated; that there is ample margin to determine what

part has been affected by the alleged trauma and the condition that existed prior to the trauma; that the injured party might be suffering osteitis prior to the accident, but even so she was performing her work without difficulty; that after the accident she could not work for some time, that she limped and there was spasm according to the report of specialists like Dr. Saldaña. That she was examined by the gynecologist and in his report he states there are doubts as to whether she had the fracture of the left pubis or not; that even assuming that the injured party did not have said fracture, the factor of aggravation of her condition cannot be denied and it merits a minimum disability of five percent of the total.

"Dr. Gilberto Negrón, the prejudiced party's medical expert, informed that he treated her for allergy and other things since 1960; that in November 1961 she had an ailment of gynecological nature and he treated her; that she complained of vaginal pain for the first time when they called him the day of the accident; that in September 1962 he assisted her delivery and he had to perform a Caesarean operation; that prior to this she had had normal deliveries; for which he attributes said abnormal delivery to the muscular spasm and the injury suffered; that she always complained of pain and lameness and that he recommended her to go once more to the State Fund.

"In view of the injured party's contention and the medical testimony, the Industrial Commission DECIDES that as a result of her accident said injured party presents a disability consisting in the loss of five percent of her general physiological functions, for which she should be compensated by the insurer pursuant to the law."

We have carefully examined the evidence in the record as well as the opinion of the different specialists who intervened with appellant and made special examinations. Pursuant to said medical evidence we lack the basis to decide, as the Industrial Commission did, that appellant should be granted a higher degree of disability. The Commission granted said minimum disability recommended by Dr. Vázquez Milán on whose testimony the decision was grounded.

Appellant argues that in the presence of doubt as to whether she had or did not have a fracture of the pubis as

a consequence of the fall, the doubt should have been decided in her favor, citing *Feliciano* v. *Industrial Commission*, 84 P.R.R. 188, 206 (1961); *Meléndez* v. *Industrial Commission*, 85 P.R.R. 54 (1962), and *Garriga* v. *Industrial Commission*, 87 P.R.R. 679 (1963). We admit that said doubt arises from the record and we do not decide that it should not have been favorable. But the problem to decide herein is appellant's disability. Admitting that there was fracture of the pubis, and that was the position of Dr. Vázquez Milán, even so, he recommended five percent as the minimum. We lack basis to decide that there exists a greater degree of disability than the one granted.

The decision of the Industrial Commission object of this appeal will be affirmed.